MEMORANDUM ** Konrad Wolff appeals his conviction and sentence entered after a bench trial on stipulated facts for receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). We affirm. 1. Wolff argues that police violated the Fourth Amendment’s prohibition against unreasonable seizures by accepting his hard drive and other electronic devices from his wife. The district court correctly rejected this argument. There is no evidence that Wolffs wife acted as an agent of the police; rather, the record is clear that she contacted the police and voluntarily relinquished the items because she was concerned they contained child pornography. “The government’s acceptance of documents obtained in a private search and voluntarily relinquished to government agents does not constitute a seizure .... ” United States v. Black, 767 F.2d 1334, 1340 n.4 (9th Cir. 1985); see also Coolidge v. New Hampshire, 403 U.S. 443, 487, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (“Had [the defendant’s wife], wholly on her own initiative, sought out her husband’s guns and clothing and then taken them to the police station to be used as evidence against him, there can be no doubt under existing law that the articles would later have been admissible in evidence.”). We reject Wolffs argument that Black was superseded by United States v. Jacobsen, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984) and United States v. Jones, 565 U.S. 400, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012). A three-judge panel must follow the decisions of previous panels unless the prior decision “is clearly irreconcilable with the reasoning or theory of intervening higher authority.” Miller v. Gammie, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). Jacobsen is not “intervening” authority because it was decided after Black. Jones is not “clearly irreconcilable” with Black because it is concerned with searches rather than seizures, see Jones, 565 U.S. at 408, 132 S.Ct. 945, and does not consider whether a Fourth Amendment seizure occurs when a private citizen voluntarily relinquishes another’s property to the government. 2. Wolff argues that the search warrants pursuant to which the hard drive and the electronic devices were searched were not premised on a showing of probable cause. To the contrary, the affidavits submitted by a police officer in support of the warrant applications provided ample reason to find probable cause. The affidavit in support of the warrant application to search the hard drive stated that Wolffs wife had personally viewed the photos on the hard drive and reported seeing “ ‘hundreds’ of images of minors engaged in sexual acts or exposing themselves in a sexual manner.” See United States v. Smith, 795 F.2d 841, 847-49 (9th Cir. 1986). The affidavit in support of the warrant application to search the other devices added that, based on the officer’s training and experience, “pedophiles collect and keep such sexually explicit materials ... on computers, computer peripherals, and other electronic devices capable of storing and/or viewing electronic information.” See United States v. Lacy, 119 F.3d 742, 746 & n.6 (9th Cir. 1997). 3. Wolff argues that the district court committed procedural error by failing to recognize at the time of sentencing its ability to vary from the child pornography Guidelines under Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). “[A] district court commits procedural error when it fails to appreciate its Kimbrough discretion to vary from the child pornography Guidelines based on a categorical policy disagreement with them.” United States v. Henderson, 649 F.3d 955, 964 (9th Cir. 2011). But, “district courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them.” Id. The judge expressly noted that he had “read and considered” Wolffs sentencing memorandum, which reminded the court of its discretion under Kimbrough. The judge also characterized the Guidelines during sentencing as “advisory,” and imposed a sentence in thé middle of the Guidelines range. And, the judge noted that though he had “some concerns that [the sentence] understates the gravity of Mr. Wolffs offense,” the sentence was “sufficient but not greater than necessary to meet ... the policies of sentencing.” There is thus no indication in this case that the district court either thought the Guidelines were too harsh or failed to appreciate its Kimbrough discretion. 4. Wolff argues his waiver of his challenge to the restitution award is invalid because the district court negotiated this waiver at sentencing. But, the district court neither “initiated” nor “directly negotiated” the waiver. United States v. Gonzalez-Melchor, 648 F.3d 959, 965 (9th Cir. 2011). Rather, the judge initially expressed his concerns about awarding Wolff a reduction under § 3El.l(b) of the United States Sentencing Guidelines for “assisting] authorities in the investigation or prosecution of his own misconduct” because he “did not plead guilty,” “has opposed all restitution,” and “reserved his right to appeal,” and invited counsel to respond. Wolffs counsel then indicated that the challenge to restitution was entirely “on legal grounds” and offered to “concede the restitution issue and moot that issue on appeal.” After confirming that this was Wolffs desire, the court granted Wolff an additional level of reduction under § 3El.l(b). The court neither requested an appellate waiver nor promised the § 3El.l(b) reduction in return for the waiver. This case is thus not like Gonzalez-Melchor, in which the judge initiated the exchange by stating he would “like to hear” the defendant waive his right to appeal and that he would grant a “substantial reduction” in the sentence if the defendant did so. 648 F.3d at 961. AFFIRMED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.